■ ROBERT GARRETT et al., Respondents, v VILLAGE OF ASHA-ROKEN, Appellant.—In an action pursuant to RPAPL 1951 to declare a certain restrictive covenant unenforceable, the Village of Asharoken appeals from an order of the Supreme Court, Suffolk County (Namm, J.), entered February 7, 1990, which denied its motion to dismiss the complaint for failure to state a cause of action (CPLR 3211 [a] [7]), and as barred by res judicata and/or collateral estoppel (CPLR 3211 [a] [5]).

Ordered that the order is reversed, on the law, without costs or disbursements, and the complaint is dismissed.

Pursuant to RPAPL 1951 (2), in order for a restriction on the use of land to be declared unenforceable it must appear "that the restriction is of no actual and substantial benefit to the persons seeking its enforcement". In their complaint, the plaintiffs fail to make any such allegation. Although it need not be alleged that a restriction on the use of land is of *no* benefit to the party seeking to enforce it before such a restriction can be declared unenforceable pursuant to RPAPL 1951 *(see, Orange & Rockland Utils. v Philwold Estates,* 52 NY2d 253, 266; *Board of Educ. v Doe,* 88 AD2d 108), it must nevertheless be alleged and proven that the restriction is of no "actual and substantial benefit" *(see,* RPAPL 1951 [2]). Because the complaint was deficient in this respect, it is dismissed for failure to state a cause of action.

In view of the foregoing, we need not reach the Village's remaining contention. Balletta, J. P., Miller, Pizzuto and Santucci, JJ., concur.